UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH EDWARD GARDINER, #383334,

        Petitioner,

                                                    CASE NO. 2:22-CV-12164
v.                                                  HONORABLE SEAN F. COX

WARDEN BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE CASE WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

Michigan prisoner Keith Edward Gardiner ("Petitioner") has filed a pro se "Motion to Stay Proceedings and Hold Petition in Abeyance" and a supporting brief concerning his state criminal proceedings. Michigan Department of Corrections ("MDOC") records indicate that Petitioner was convicted of four counts of first-degree criminal sexual conduct following a jury trial in the Macomb County Circuit Court and was sentenced to concurrent terms of 25 to 50 years imprisonment in 2017. *See* Petitioner's Offender Profile, MDOC Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=383334. Petitioner states that he has pursued a direct appeal and collateral review in the state courts and is contemplating seeking additional collateral review in the state courts based upon newly-discovered evidence. He seeks to preserve his right to pursue federal habeas review. For the reasons stated herein, the Court dismisses without prejudice this case, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

**II.     Discussion**

It is well-established that a party must file a complaint to institute a civil action in federal court. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013); s*ee also Gibson v. Department of Corrections*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a party "cannot commence a civil action by filing a motion"); *Luna v. Ford Motor Co.,* No. 3:06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *Illinois Blower, Inc., v. Deltak*, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004) ("jurisdiction does not attach until a complaint is actually filed").

The United States Supreme Court has held that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Those rules provide, in relevant part, that a habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested. Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district

2

court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

Petitioner's current motion and supporting brief do not meet these requirements. While Petitioner references issues from his state criminal case, he does not clearly set forth his specific grounds for relief in the form of a habeas petition. Rather, he seems to indicate that he intends to file such a petition (which may include new claims that have not yet been exhausted in the state courts) now or in the future. His motion and supporting brief thus fail to comply with the Rules Governing § 2254 Cases and the Federal Rules of Civil Procedure for instituting a habeas action in federal court. The Court cannot stay any proceedings nor hold a case in abeyance until a proper habeas petition has been filed.

Additionally, Petitioner has not submitted the filing fee for a habeas action or an application to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914(a); 1915. The filing fee for a federal habeas action is $5.00. *See* 28 U.S.C. § 1914(a); Rule 3, Rules Governing § 2254 Cases. Consequently, this case is subject to summary dismissal.

### III. Conclusion

For the reasons stated, the Court **DISMISSES** this case. This dismissal is without prejudice to the filing of a proper habeas petition that complies with the applicable filing and fee requirements. The Court makes no determination as to the merits of Petitioner's potential habeas claims or any future motion to stay proceedings.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a COA.  The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal would be frivolous.  Fed. R. App. P. 24(a).  This case is closed.

    **IT IS SO ORDERED**.

    s/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: September 27, 2022